UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD GLENN STEELE, )<br>  )<br>          Petitioner, )<br>  )<br>     v.  )<br>  )<br>JAMES D. HARTLEY, )<br>Warden, )<br>  )<br>          RESPONDENT. )<br>_____ ) | Case No. CV 08-1994-VAP<br><br>**ORDER DENYING WRIT OF HABEAS CORPUS FILED BY A STATE PRISONER** |

## I. BACKGROUND

### A. Factual History

On August 10, 1998, Gerald Glenn Steele ("Petitioner") pleaded nolo contendere in the Superior Court of California, County of El Dorado to one count of second-degree murder. (See Petition ("Pet.") for Change of Plea Agreement.)  The trial court sentenced Petitioner to a prison term of fifteen years to life on October 8, 1998.  (See Pet. for Ruling on Pet. for Writ of Habeas Corpus, Ex. D.)  Petitioner did not file a direct appeal.

**B. Procedural History**

Petitioner, a state prisoner proceeding in pro se, filed a Petition for Writ of Habeas Corpus ("Petition") with the United States District Court for the Eastern District of California on August 25, 2008. Under the prison mailbox rule, the Court considers the Petition constructively filed as of August 15, 2008, the date it was signed and delivered to prison authorities for filing with the Court. See Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001).

As noted above, Petitioner never appealed his conviction. He did not seek collateral review until nearly nine years after his conviction in 2007. Petitioner filed three identical petitions for Writ of Habeas Corpus in the Superior Court of California, El Dorado County, California Court of Appeal for the Third Appellate District, and the California Supreme Court.

The Superior Court of California, El Dorado County, denied Petitioner's Writ for Habeas Corpus petition on September 21, 2007. (See Pet. for Ruling on Pet. for Writ of Habeas Corpus, Ex. D.) The Petition was also denied by the California Court of Appeal for the Third Appellate District on December 13, 2007. (See Pet. for In Re Gerald Glenn Steele on Habeas Corpus, Ex. G.) The

California Supreme Court denied the Petition on June 18, 2008.  (See Pet. for In Re Gerald Glenn Steele, Ex. H.)

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1986 ("AEDPA") sets forth a one-year statute of limitations period for federal habeas corpus petitions filed by state prisoners.  28 U.S.C. § 2244(d).  Under AEDPA, the limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(a).

## III. DISCUSSION

As stated above, Petitioner pleaded nolo contendere on August 10, 1998 and was sentenced on October 8, 1998. (See Petition ("Pet.") for Change of Plea Agreement; see Pet. for Ruling on Pet. for Writ of Habeas Corpus, Ex. D.)  Under AEDPA, Petitioner's statutory period for filing state or federal habeas corpus petitions began on October 8, 1998, because Petitioner did not file a direct appeal of his conviction.  Accordingly, absent a period of statutory tolling, the statute expired on October 7, 1999, nearly nine years before Petitioner filed this Petition on August 25, 2008.

**A. Statutory Tolling**

The statute of limitations is tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . "  28 U.S.C. § 2244(d)(2).  Under this provision, a petitioner is entitled to a period of tolling while his first petition for writ of habeas corpus is pending in a State court.  Moreover, a habeas corpus petition "will be deemed 'pending' for purposes of 28 U.S.C. 2244(d)(2) even during intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay."  Delhomme v. Ramirez, 340 F.3d 817, 818-9 (9th Cir. 2003).

Petitioner, however, did not file a petition in any state court until 2007, almost eight years after the statutory period ended.  Accordingly, Petitioner is not entitled to statutory tolling while his habeas petitions filed in the California state courts were pending.

**B. Equitable Tolling**

The AEDPA statute of limitations may be tolled by the actual innocence exception.  A claim of actual innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered

4

on the merits."  Schlup v. Delo, 513 U.S. 298, 315 (1995) (quoting Herrera v. Collins, 506 U.S. 390, 404).

Under the Schlup standard, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  Schlup, 513 U.S. 298, 327.  This "innocence gateway, or fundamental miscarriage of justice exception," may toll the AEDPA statute of limitations. Lisker v. Knowles, 463 F. Supp. 2d 1008, 1032 (C.D. Cal. 2006).

Here, Petitioner has not presented any new evidence to meet the "extremely rare" circumstances contemplated by the actual innocence exception.  Schlup, 513 U.S. 298, 324 (1995).  Moreover, Petitioner admits to striking the victim twice in the head with a claw hammer.  (See Pet. at ¶¶ 26-27.)  The injuries sustained by the victim resulted in the victim's death.  (See Pet. at ¶ 42.) Although Petitioner may not have intended to kill the victim, Petitioner is still culpable under the law for murder in the second degree.  Cal. Penal Code § 189. Accordingly, Petitioner does not meet the actual innocence exception to AEDPA.

## IV. CONCLUSION

Petitioner's habeas corpus Petition is untimely filed.  As set forth above, Petitioner's claims do not fall within the statutory and equitable tolling exceptions.  Petitioner's case, therefore, cannot be further examined on its merits because it is barred by the one-year statute of limitations set forth by AEDPA.  Accordingly, this Petition is DISMISSED with PREJUDICE.

Dated: July 8, 2009

VIRGINIA A. PHILLIPS
United States District Judge